UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| STEVE EDWARD BROWN, ) | |
| ) | |
| Plaintiff, ) | No. 6:14-CV-82-HAI |
| ) | |
| v. ) | MEMORANDUM OPINION & ORDER |
| ) | |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

Plaintiff, Steve Edward Brown, brings this action pursuant to 42 U.S.C §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. The parties each filed a notice of consent to the referral of this matter to a magistrate judge. D.E. 13; 14. Accordingly, this matter was referred to the undersigned to conduct all proceedings and enter final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E.15. The Court, having reviewed the record and for the reasons stated herein, will deny Plaintiff's Motion for Summary Judgment (D.E. 18) and grant the Commissioner's Motion for Summary Judgment (D.E. 19).

**I.  BACKGROUND**

Brown filed a Title II application for a period of disability and disability insurance. D.E. 9-2 at 1. He alleges disability beginning on November 8, 2010 (*Id.*), due to problems with back and leg pain, breathing, high blood pressure, and high cholesterol (D.E. 18-1 at 3-4). Defendant also alleges that he suffers from depression. D.E. 9-1 at 219. Brown's claim was denied initially

and upon reconsideration. D.E. 9-2 at 6. Subsequently, upon Brown's request, an administrative hearing was conducted before Administrative Law Judge John L. McFadyen ("ALJ") on March 15, 2012. *Id*. During the hearing, the ALJ heard testimony from Brown, impartial medical expert Theron Blickenstaff, and vocational expert Dr. Norman E. Hankins ("VE"). *Id*. Brown, who was forty-one years old[1] as of the alleged onset date, has an eleventh grade education and completed his GED. D.E. 18-1 at 2. Though Brown has past relevant work experience, the VE testified that such work exceeds his residual functional capacity and the ALJ accepted that testimony. D.E. 9-2 at 14.

In evaluating a claim of disability, an ALJ conducts a five-step sequential analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). If a

---

[1] The ALJ found, and the Commissioner asserted, that Brown was forty years old on the alleged disability onset date. D.E. 9-2 at 14; D.E. 19 at 2.

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

claimant is not found disabled at step 3, the ALJ must determine the claimant's residual functional capacity, which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1520(e). Fourth, if a claimant's impairments do not prevent him from doing past relevant work (given the ALJ's assessment of his residual functional capacity), he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) do not prevent him from doing other work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Brown has not engaged in substantial gainful activity since November 8, 2010, the alleged onset date of disability. D.E. 9-2 at 8. At Step 2, the ALJ found that Brown has the following severe impairments: "back disorder and asthma." *Id*. The ALJ found Brown's mental impairment of anxiety to be non-severe. *Id*. At Step 3, the ALJ found that Brown's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 9-10. At Step 4, the ALJ determined that Brown had the residual functional capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b) in a clean but not sterile environment." *Id*. at 10. The ALJ found that Brown could not return to his past relevant work, which required that he perform work at a medium level of exertion. *Id*. at 14. At step 5, the ALJ relied on the testimony of the VE to find that, based on Brown's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Brown could perform. *Id*. at 14-15. Accordingly, on November 28, 2012, the ALJ issued an unfavorable decision, finding that Brown was not disabled, and therefore, ineligible for disability

insurance benefits. *Id*. at 15. The Appeals Council declined to review the ALJ's decision on November 19, 2013 (D.E. 9-1 at 6-9), and Brown now seeks judicial review in this Court.

## II. DISCUSSION

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th

Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

### A. Claim that the ALJ erred in failing to inquire of the Vocational Expert whether his testimony was consistent with the Dictionary of Occupational Titles.

Brown's motion first contends that the ALJ erred by failing to inquire of the vocational expert, on the record, whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), as is affirmatively required by Social Security Ruling (SSR) 00-4p. D.E. 18-1 at 11-13. The Commissioner implicitly concedes that the ALJ did not do so, but argues that Plaintiff fails to identify any conflict between the VE's testimony and the DOT, and that the error was therefore harmless. D.E. 19 at 12. Plaintiff notes that the ALJ stated, "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." D.E. 9-2 at 15. Plaintiff argues that, because the ALJ did not fulfill his affirmative duty to inquire of the VE, on the record, whether his testimony conflicted with the DOT, the ALJ could not rely on the opinion of the VE in making his decision. D.E. 18-1 at 13.

However, the ALJ's failure to strictly bide by SSR 00-4p could be harmless, and, therefore, not require a remand if the Court can determine that there was no actual conflict between the VE's testimony and the DOT. An error is harmless where it has no bearing on the procedure used or the substance of the ultimate decision. *United States Steel Corp. v. Envtl. Prot. Agency*, 595 F.2d 207 (5th Cir. 1979). The Sixth Circuit has found that the harmless-error rule applies in the Social Security context. *See e.g. Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (failure to explain weight given to treating physician not reversible error where ALJ's opinion is

5

nonetheless supported by substantial evidence and error was harmless.).  The failure to strictly abide by the guidelines in SSR 00-4p does not necessitate reversal where the ALJ's opinion is supported by substantial evidence and the error was harmless.

During the ALJ's examination of the VE, the VE was asked to "assume that the claimant is limited to light work; that he should also work in a clean, but not sterile environment. . . . Would there be any jobs that he could perform based on [those] restrictions?"  D.E. 9-1 at 33.  The VE responded with examples of jobs that could be performed within those limits such as "hand packers and packagers, inspectors, testers, and sorters of various kinds of small parts, machine feeders, and . . . miscellaneous assembler and fabricators."  *Id.*  The VE represented that 146,250 jobs of that nature exist in the state of Tennessee, and 6,767,002 exist in the national economy.  *Id.*  A review of the DOT descriptions for "Inspector and Hand Packager," "Inspector and Sorter," and "Laboratory Tester" each indicate a classification of light work without atmospheric conditions (DOT 559.687-074 "Inspectors and Hand Packagers"; DOT 589.387-010 "Inspector and Sorter"; DOT 689.384-014 "Laboratory Tester"), which classifications are consistent with the VE's testimony about Brown's ability to perform such jobs given the restrictions in the hypothetical imposed by the ALJ.  Thus, the VE testimony is not in conflict with the DOT in regard to positions involving jobs that were limited to light work in a clean but not sterile environment, which corresponds to Brown's RFC.  For this reason, the ALJ's determination is supported by substantial evidence, and the ALJ's failure to ask the VE whether the evidence he presented was consistent with the information contained in the DOT was harmless error.

### B. Claim that the ALJ improperly failed to assign greater weight to the opinions of the examining sources than was given to non-examining reviewers.

Brown's motion argues that the ALJ failed to assign greater weight to the opinions of examining physicians than the opinions of non-examining physicians when calculating Brown's RFC. D.E. 18-1 at 13-18. He claims that "[t]he ALJ wrongfully reject[ed] all of the medical evaluations of record in favor of social security doctors whom only have reviewed the paper file." *Id*. at 18. Brown argues that the ALJ wrongfully rejected the evaluation of Jenny Mills, who should have been viewed as an "other medical source," because the ALJ found the evaluation to rely too heavily on Brown's subjective statements of pain. *Id*. The Commissioner responds by arguing that "[t]he responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner." D.E. 19 at 6. The Commissioner argues that the ALJ, after considering all of the evidence, properly found that Brown's claims of disabling limitations were not supported by the record. *Id*. at 6-12.

Under this umbrella claim, Brown essentially summarizes each medical opinion presented to the ALJ and argues that the ALJ applied improper weight to each opinion when determining Brown's RFC. D.E. 18-1 at 13-18. By arguing that there are "extensive objective medical findings" in the record to establish the severity of his condition, Brown is asking this Court to re-weigh the evidence in the record and reach a more favorable conclusion than that drawn by the ALJ. To accept this invitation would be to exceed the Court's limited scope of review in social security disability cases. Accordingly, the Court will abstain from conducting a *de novo* review of the evidence, and will focus solely on whether there is substantial evidence to support the ALJ's decision in the context of the errors specifically alleged by Brown with regard to Brown's treating physician and occupational therapist Jenny Mills.

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1502. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.* A non-treating source is an acceptable medical source that has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source is an acceptable medical source that has provided medical or other opinion evidence in the case without ever examining the claimant. *See id.*

Under 20 C.F.R. § 404.1527(d)(2), a treating source's opinion on the issues of the nature and severity of a claimant's impairments is given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, one meeting is insufficient to establish an ongoing treatment relationship. *See Smith v. Comm'r*, 482 F.3d 873, 876 (6th Cir. 2007) (holding that the opinion of a doctor, who examined claimant only once and wrote a single "physical capacity evaluation," was not entitled to controlling weight). As part of this so-called "treating physician" regulation, an ALJ is required to give "good reasons" for not giving weight to opinions from the treating physician in a disability determination. 20 C.F.R. § 404.1527(d)(2). The purpose of this requirement is to "let claimants understand the disposition of their cases," to "ensure[] that the ALJ applies the treating physician rule," and to "permit[] meaningful review of the ALJ's application of the rule." *Wilson,* 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Halloran*

8

*v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)); *see also Gayheart v. Comm'r of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013).

The regulations require that, if the source of the opinion is non-treating, the following factors must be considered in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion based on relevant evidence presented; (4) consistency of the opinion with the record as a whole; (5) the relevancy of the specialization of the source; and (6) other factors brought to the ALJ's attention by the parties. 20 C.F.R. 404.1527(c)(1)-(6). The regulations further state that, although the ALJ uses medical sources, both treating and non-treating, on issues such as the claimant's residual functional capacity, the final responsibility in deciding these issues is reserved to the Commissioner. 20. C.F.R. § 404.1527(d)(2); *See also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician."). Finally, the ALJ is required to "explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us." 20 C.F.R. 404.1527(e)(2)(ii).

### 1. Dr. Barry G. Neil, Treating Physician

Dr. Barry G. Neil was Brown's primary treating physician, treating Brown from January 22, 2009, through November 2, 2012. D.E. 18-1 at 13. Dr. Neil opined that Brown should never lift more than five pounds due to his impairments. D.E. 9-1 at 445. He found that Brown should not stand or walk more than fifteen minutes in an eight-hour day. *Id*. He noted that sitting

would be affected by Brown's impairments, and found that Brown could sit for fifteen to thirty minutes in an eight-hour day. *Id*. at 446. He found that Brown could never climb, stoop, crouch, kneel, or crawl, and could only occasionally balance. *Id*. He indicated that reaching, handling, feeling, and pushing/pulling would be affected by the impairment, and recommended the following environmental restrictions as a result of his impairments: heights, moving machinery, temperature extremes, chemicals, dust, fumes, humidity, and vibration. *Id*. He opined that Brown would not be able to drive further than twenty miles one way to and from work even on an intermittent schedule, and that Brown would be totally unreliable as an employee. *Id*. at 447.

As an initial matter, Dr. Neil's comments about Brown's reliability as an employee can hardly be considered a medical opinion, but is instead a determination of disability, which is reserved to the Secretary. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (citing 20 C.F.R. § 404.1527(e)(1)). As a result, "no 'special significance' will be given to opinions of disability, even if they come from a treating physician." *Id*. (quoting 20 C.F.R. § 404.1527(e)(3) (2006); SSR 96–5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed.Reg. 34471, 34473 (Soc. Sec. Admin. July 2, 1996)) (internal quotes omitted).

Even though a treating physician's opinion on an issue reserved to the Commissioner does not receive controlling weight, the ALJ must still "'explain the consideration given to the treating source's opinion(s).'" *Id*. (quoting SSR96–5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed.Reg. at 34474). In considering Dr. Neil's opinion, the ALJ gave it no weight "as it [was] not supported by the objective medical evidence of record, including Dr. Neil's treating record, and relie[d] too heavily upon claimant's subjective complaints of pain." D.E. 9-2 at 12. The ALJ specifically

cites to the portions of the record demonstrating the inconsistency he has noted: (1) Dr. Neil's Office Treatment Records indicating a physical examination of Brown was noted to be within normal limits and that Brown's lungs were noted to be clear on April 16, 2012 (D.E. 9-1 at 494), and (2) Dr. Neil's Office Treatment Records indicating a physical examination of Brown was noted to be within normal limits and that Brown's lungs were within normal limits, though Dr. Neil noted a "wheeze" during a physical examination, on November 2, 2012 (*Id*. at 499). D.E. 9-2 at 12. The ALJ noted that "claimant has not received the type of medical treatment one would expect for a totally disabled individual and the record reflects relatively infrequent trips to the doctor for the allegedly disabling symptoms and that the treatment received has been essentially routine and conservative in nature." *Id*. at 13. The ALJ found Brown's subjective complaints of pain "not completely credible." *Id*. The ALJ found "the claimant [to have] impairments that could reasonably be expected to cause some pain or discomfort," but determined that "the medical evidence fails to reveal findings to support pain or discomfort to the degree alleged." *Id*. at 13-14.

This explanation is sufficiently detailed to enable Brown to understand why his treating physician's opinion was granted little weight and also to permit judicial review. *Wilson,* 378 F.3d at 544 ; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464 (6th Cir. 2005); *see also Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006). Further, due to Dr. Neil's opinion's indication that physical examinations of Brown yielded results within normal limits, and the substantial evidence of the record, the ALJ was justified in according little weight to Dr. Neil's opinion (regarding Brown's limitations) as Brown's treating physician.

### 2. Jenny Mills, Occupational Therapist

Substantial evidence also supports the ALJ's decision as to Jenny Mills, Occupational Therapist and Certified FCE Evaluator. Brown argues that the ALJ wrongfully rejected the evaluation of Jenny Mills, which found Brown capable of performing full-time sedentary work (D.E. 9-1 at 349), "as relying too heavily on the claimant's statements of pain. When in fact there is extensive objective medical findings documenting both the claimant's back and breathing impairments." D.E. 18-1 at 18. As conceded by Brown, and correctly noted by the ALJ, Mills is not "an acceptable medical source." *Id*.; D.E. 9-2 at 11. However, as an "other source," though Mills cannot establish the existence of a medically determinable impairment, her opinion may be used to show the severity of Brown's impairments and how they affect his ability to function. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d); and SSR 06-03p. The ALJ rejected Ms. Mills's opinion as well, giving it "no weight as it [was] not supported by the objective medical evidence of record, and relie[d] too heavily upon claimant's subjective complaints of pain. D.E. 9-2 at 11.

Brown is correct that the ALJ should still consider the opinion of a non-acceptable medical source, but the ALJ has discretion to determine the appropriate weight to accord it. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). In other words, the ALJ is simply required to weigh it along with all other evidence in the record. *Id.* It is clear from the ALJ's written decision that he did in fact consider Mills's opinion, in the context of the entire record, before ultimately according it no weight. Substantial evidence from the record supports this conclusion.

### C. Claim that the ALJ erred when he found that the claimant could perform a full range of light work with the exception that it be performed in a clean, but not sterile, environment.[3]

Brown argues that because Dr. Neil, Dr. Misra, and Dr. Bertram found him unable to stoop, he should therefore be found disabled. D.E. 18-1 at 21. Similar to the preceding claim, this claim simply challenges the ALJ's weighing of the various medical opinions. That it does so from a slightly different angle does not change the Court's analysis.

The ALJ considered all of the evidence, including opinion evidence, and found that Plaintiff's claims of disabling limitations were not supported by the record. Notably, the ALJ considered the opinions of Dr. Neil and Dr. Misra, as required. Ultimately, the ALJ assigned no weight to Dr. Neil's opinion—as he had the discretion to do, so long as he could provide "good reasons" for doing so—as discussed above.

The ALJ gave "some weight" to the portion of the opinion of Dr. Misra which was "reasonable based on the medical evidence of record," and gave "the portion of Dr. Misra's opinion regarding manipulative, foot, postural, and environmental restrictions no weight as it [was] entirely unsupported by the medical evidence of record, including [Dr. Misra's] examination, and relie[d] too heavily upon claimant's subjective complaints of pain." D.E. 9-2 at 12. Unlike treating source opinions, the opinion of a consultative examiner such as Dr. Misra is not entitled to any "special degree of deference." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) When no treating physician opinion has been granted controlling weight, as here, the medical opinion of a consultative examiner is to be weighed considering all of the factors identified in 20 C.F.R. § 404.1527(d)(1)-(6). The Court must uphold the decision of the ALJ

---

[3] Brown erroneously states that the ALJ found claimant "could perform a full range of light work with the exception that it be performed in a clean and sterile environment." D.E. 18-1 at 18. The Court reiterates that the ALJ found claimant able "to perform light work as defined in 20 C.F.R. 404.1567(b) in a clean *but **not** sterile environment*." D.E. 9-2 at 10; *see also* D.E. 9-1 at 33.

13

when it is supported by substantial evidence, and his decision will not be reversed merely because there is substantial evidence that would support the opposite conclusion. *See Her*, 203 F.3d at 389-90.

The ALJ's explanation for why he determined that Dr. Misra's opinion should be given no weight demonstrates that he considered primarily the supportability of the opinion based on the relevant evidence, and the consistency of the opinion with the record as a whole. A review of Dr. Misra's opinion reveals that he observed Brown to be able to get "up from the chair and on and off the table without difficulty" during his examination, found his "mobility to be normal," and found that, with respect to his extremities, Brown possessed a "[f]ull range of motion universally except for because of pain, lumbar spine flexion 65 degrees, extension 10 degrees, right lateral and left lateral flexion is 10 degrees." D.E. 9-1 at 364. Dr. Misra found "[t]he rest of range of motion muscle condition and strength normal." *Id*. The ALJ determined that such objective evidence would not support a finding that Brown could never stoop. Such contradictory evidence from Dr. Misra's consultative examination, combined with the rest of the evidence in the record, constitutes substantial evidence in support of the ALJ's decision to disregard Dr. Misra's opinion regarding postural limitations.

The ALJ did not explicitly, in his written opinion or during the hearing, consider Dr. Bertram Henry's opinion, which in part found that Brown could never stoop. Accordingly, Dr. Henry's opinion was not weighed considering all of the factors identified in 20 C.F.R. § 404.1527(d)(1)-(6). However, a court reviewing a social security benefits denial should not reverse and remand for the failure to comply with a regulation without first considering whether the error was harmless. *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009); *See also Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970) (holding that

14

agency's failure to follow its own regulations did not require reversal absent a showing of substantial prejudice by the affected party). Based on Dr. Henry's note next to the finding that Brown could never stoop, indicating "the patient denies all activities," it appears that this finding was based on Brown's subjective statements of pain and not on any of the objective medical evidence contained in Dr. Henry's report. D.E. 9-1 at 484. Further, Dr. Henry's notes and observations indicate that Brown's physical examination results were largely normal, he had no trouble undressing or dressing during the evaluation, and he "easily got into the left front seat" of his car and "promptly drove away" upon completion of the examination (despite earlier informing Dr. Henry that driving a car was "a very rare event" for him). D.E. 9-1 at 476-80. For these reasons, the ALJ's determination that Brown was not disabled is supported by substantial evidence, and his failure to weigh Dr. Henry's opinion according to the factors enunciated in 20 C.F.R. § 404.1527(d)(1)-(6) was harmless error.

The objective medical evidence reflected that some of Brown's conditions, while not insignificant, were less severe than his subjective complaints indicated. After making this determination, which the Court has already found is supported by substantial evidence, the ALJ incorporated the limitations that he found to be justified in assigning an RFC of light work to be performed in a clean environment. Accordingly, the Court finds no error requiring a remand or reversal.

### D. Claim that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence.

Although Brown argues that substantial evidence does not support the ALJ's determination, he does not identify any particular finding or conclusion that he seeks to challenge for this reason. Where a claimant has failed to specifically identify alleged error, the Sixth Circuit has:

15

> decline[d] to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in [his] brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and quotation marks omitted).

After reciting the legal standard applicable to the case, Brown's argument consists of the following:

> [i]t is the contention of the Plaintiff under these standards of review that there is not substantial evidence to support the denial of his application for security benefits. The objective medical evidence unequivocally documents that the Plaintiff has several conditions which are disabling.

D.E. 18-1 at 22-23. However, "[t]his challenge warrants little discussion, as [Brown] has made little effort to develop this argument in [his] brief on appeal, or to identify any specific aspects of the Commissioner's determination that lacks support in the record." *Hollon*, 447 F.3d at 490-91.

Notwithstanding the imprecise nature of Brown's argument, as outlined above, a review of the evidence of record demonstrates that the ALJ's decision is supported by substantial evidence. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *see also Rogers*, 486 F.3d 241; *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). Having reviewed the entire record of this matter,

16

the Court finds no error with the ALJ's assessment and analysis of the evidence of record or his determination that Brown is not disabled as defined by the Act.

### E. CONCLUSION

Accordingly, and the Court being sufficient advised, **IT IS HEREBY ORDERED** as follows:

(1)    Plaintiff's Motion for Summary Judgment (D.E. 18) is **DENIED**;

(2)    Commissioner's Motion for Summary Judgment (D.E. 19) is **GRANTED**;

(3)    **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 19th day of June, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge